UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Thomas Katsigiannis</u>

    v.                                               Civil No. 24-cv-268-SE
                                                                       Opinion No. 2025 DNH 116

<u>M.H. Parsons & Sons Lumber Co., Inc.
d/b/a Parsons & Sons Lumber</u>

    v.

<u>United States Postal Service</u>

<u>O R D E R</u>

      The pleadings under consideration are a study in contradictions. Thomas Katsigiannis, the plaintiff, challenges the removal of the case from state court to this court by the United States Postal Service, the third-party defendant, and seeks remand on the ground that the USPS failed to meet its burden of establishing that this court has subject matter jurisdiction. The USPS objects to remand on the basis that it has properly removed the case under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), as an agency of the United States. However, through a separate motion filed the same day as its opposition to remand, the USPS moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because, in part, the Contract Disputes Act of 1978 (CDA) acts as a statutory bar to subject matter jurisdiction. M.H. Parsons & Sons Lumber Company, Inc. (Parsons), the defendant and third-party plaintiff alleging the claims against the USPS, opposes dismissal. The court concludes that the case was properly removed but agrees that it lacks subject matter jurisdiction because the CDA applies to Parsons's claims. As a result, Katsigiannis ultimately gets his wish as the court remands the case to state court, albeit without the third-party defendant USPS.

Background

On January 12, 2021, Thomas Katsigiannis slipped on a patch of ice while trying to enter 66 East Main Street in Tilton, New Hampshire to check his mailbox. Katsigiannis sued Parsons, the owner of the building, for negligence in New Hampshire state court.

Parsons responded to Katsigiannis's complaint and then, after a brief period of discovery, filed a third-party complaint against the USPS, which has continuously leased 66 East Main Street from Parsons since 1995. Parsons brought two claims against the USPS: Count I alleges that the USPS should contribute to any damages recovered by Katsigiannis because any owed were caused by the USPS's negligence; Count II is labeled as a claim for common-law indemnity but it alleges that the USPS should indemnify Parsons because the USPS is liable to Parsons in the full amount of any damages owed to Katsigiannis in accordance with the lease.

The USPS removed the case to federal court. Katsigiannis moves to remand the case back to state court. Doc. no. 7. The USPS opposes this motion. The USPS also moves to dismiss Parsons's claims against it, arguing that this court lacks jurisdiction to hear them. Doc. no. 10. Parsons opposes this motion.

Discussion

I.     Motion to Remand

   A.     Standard of Review

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quotation omitted). When a case is filed in a state court, a defendant has the right to remove the case to federal court only if it can show some basis for federal jurisdiction. Danca v.

Priv. Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). If a plaintiff files a motion to remand, the removing party shoulders the burden of showing that federal jurisdiction exists and that removal was proper. See Fayard v. Ne. Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008).

    B.    Analysis

The USPS removed the case to this court pursuant to 28 U.S.C. § 1442(a)(1), the officer removal statute, which provides, in relevant part, that "[a] civil action . . . that is commenced in a State court and that is against or directed to [the United States or any agency thereof] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." Katsigiannis challenges removal on two different grounds, asserting limitations that have previously been imposed on the removal power under the statute. His theories are different, but they share the same problem—they are based on caselaw interpreting an earlier version of the statute. The subsequent amendments are fatal to his arguments.

Katsigiannis argues that § 1442(a)(1) does not apply to federal agencies and cannot support removal in this case, relying on International Primate Protection League v. Administrators of Tulane Education Fund, 500 U.S. 72 (1991). Katsigiannis does not misconstrue the Supreme Court's holding in International Primate, but he ignores the fact that the statute at that time referenced only individual federal officers and people acting under them. Id. at 79 n.5. He also misses the legislative developments that followed. Five years after the Supreme Court decided International Primate, Congress expressly responded to the decision by amending § 1442(a)(1) so that "[t]he United States or any agency thereof" may now effect removal under the statute. See Pub. L. No. 104-317, 110 Stat. 3847, 3850 (1996); City of Cookeville, Tennessee v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 390 (6th

Cir. 2007); 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3726 & n.67 (Rev. 4th ed. 2024). Thus, the USPS has authority to do so in this case provided it is not otherwise limited.

Katsigiannis argues that there is such a further limitation on the USPS's ability to remove the case under § 1442(a)(1). Relying on Mesa v. California, 489 U.S. 121, 129 (1989), he contends that the federal officer removal statute requires the USPS to raise a federal defense in its notice of removal and that the USPS has failed to do so. Mesa does hold, in the context of federal officer removal, that an officer must allege a colorable federal defense in his notice of removal. However, Mesa did not involve an action against an agency and, like International Primate, it was decided before the 1996 amendment allowing an agency to remove cases to federal courts under § 1442(a)(1). As a result, it necessarily only held that individual federal officers and people acting under them are required to raise a colorable federal defense; it said nothing about what is required of federal agencies. See Thompson v. Army & Air Force Exch. Serv., 125 F.4th 831, 833-34 & n.2 (7th Cir. 2025).

The First Circuit has yet to address whether a federal agency must plead a colorable federal defense in its notice of removal when it removes a case under § 1442(a)(1). The Sixth Circuit and a number of district courts that have considered the issue have determined that a federal agency can remove a case under § 1442(a)(1) without doing so. See City of Cookeville, 484 F.3d at 388-91[1]; Jax Leasing, LLC v. Xiulu Ruan, 359 F. Supp. 3d 1129, 1134–40 (S.D. Ala. 2019); City of Orlando v. Assoc. Press, 16-cv-1169-orl-40DAB, 2016 WL 4473185, at *2 (M.D. Fla. Aug. 25, 2016); Village of Wheeling v. Fragassi, No. 09 C 3124, 2010 WL 3087462, at *3 (N.D. Ill. Aug. 2, 2010); Cox v. Hegvet, Civ. No. 08-00415-C-EJL, 2009 WL 1407009, at *4–5

---

[1] The City of Cookeville court interpreted a version of § 1442(a)(1) which has since been amended, but those amendments do not bear on the court's analysis here.

(D. Idaho May 19, 2009); Fulgham v. Hous. Auth. of Balt. City, Civ. No. WDQ-11-0579, 2011 WL 4566447, at *2 & n.9 (D. Md. Sept. 29, 2011).

      The Sixth Circuit's decision in City of Cookeville, on which most district courts that address the issue rely, bases its determination on the text and legislative history of the 1996 amendment. 484 F.3d at 388-91. It also highlights the constitutional consideration underpinning the Supreme Court's requirement of a colorable federal defense in Mesa, which was that such a defense constitutes the federal law under which the action "arises" for Article III purposes. Id. at 391; Mesa, 489 U.S. at 136-37. Because "Article III, section 2 extends the federal judicial power 'to Controversies to which the United States shall be a Party,'" an action involving a federal agency need not "arise" under a federal law. City of Cookeville, 484 F.3d at 391. For this additional reason, City of Cookeville concludes that an agency, unlike an individual, need not assert a colorable federal defense. Id.

      Though the court is aware of post-1996 cases in which other courts have analyzed the propriety of removal under § 1442(a)(1) by evaluating an agency's allegation of a colorable federal defense, see, e.g., Golden v. New Jersey Institute of Technology, 934 F.3d 302, 310 (3d Cir. 2019), the court is not aware of any post-1996 cases in which a court has remanded a case to state court because an agency has failed to allege such a defense. Nor is the court aware of any cases that have explicitly addressed City of Cookeville and rejected its reasoning.

      The USPS objected to Katsigiannis's motion to remand, focusing on the fact that Mesa involved removal by an individual prior to the 1996 amendment and citing City of Cookeville. Katsigiannis offered no response. The court finds persuasive City of Cookeville's reasoning and conclusion. The USPS properly removed this case under § 1442(a)(1) notwithstanding its failure to assert a federal defense in its notice of removal.

II.  Motion to Dismiss

Having determined that the USPS properly removed this case, the court now turns to the USPS's motion to dismiss Parsons's claims for lack of subject matter jurisdiction.

A.  Standard of Review

When a party challenges subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the party invoking the jurisdiction of a federal court"—here, Parsons—"carries the burden of proving its existence." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (quotations omitted). "The pleading standard for satisfying the factual predicates for proving jurisdiction is the same as applies under Rule 12(b)(6)—that is, [Parsons] must state a claim to relief that is plausible on its face." Lab. Rel. Div. of Constr. Indus. of Mass., Inc. v. Healey, 844 F.3d 318, 326 (1st Cir. 2016) (quotations omitted). In determining whether Parsons has met its burden, the court must "take as true all well-pleaded facts" in the third-party complaint and "draw all reasonable inferences" in Parsons's favor. Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009).

B.  Analysis

The USPS moves to dismiss the case against it, arguing, in part, that Parsons's claims for contribution and indemnification are subject to the CDA pursuant to the terms of the USPS's lease with Parsons and cannot be brought in this court. The USPS has renewed its lease of Parsons's property several times, but the lease has always contained a "claims and disputes" provision, which states that "the contract is subject to the Contract Disputes Act of 1978," 41

U.S.C. §§ 7101–7109.[2] Doc. no. 1-1 at 13. Both the lease and the CDA require Parsons to bring any claim against the USPS to the contracting officer, who must provide a written decision on the claim. Id.; § 7103(a)(1)–(3). Under the terms of the contract, a claim includes any "written demand or written assertion by one of the contracting parties seeking . . . relief arising under or relating to this contract." Doc. no. 1-1 at 13. Should Parsons disagree with a contracting officer's decision or should the officer fail to render a timely decision, Parsons can appeal to the Court of Federal Claims, which has exclusive jurisdiction over such appeals. Id.; § 7104(b)(1); see Cohen v. Postal Holdings, LLC, 873 F.3d 394, 402 (2d Cir. 2017).

Parsons does not dispute the terms of the lease. Nor does it argue that it followed the required process. It did not file a complaint with a contracting officer or an appeal with the Court of Federal Claims.[3]

Instead, Parsons argues that its claims against the USPS are exempt from the CDA because its claims for contribution and indemnification do not sound in contract. But a "plaintiff may not avoid the jurisdictional bar of the CDA merely by alleging violations of regulatory or statutory provisions rather than breach of contract." Ingersoll-Rand Co. v. United States, 780 F.2d 74, 77 (D.C. Cir. 1985). The claims and disputes provision requires Parsons to bring any request for relief "arising under or relating to this contract" under the CDA. Doc. no. 1-1 at 13.

---

[2] The lease states that the CDA is located at 41 U.S.C. §§ 601–613. Doc. no. 1-1 at 13. However, since the lease was initially signed, the CDA has been moved to 41 U.S.C. §§ 7101–7109.

[3] Generally, for claims against the government seeking less than $10,000, federal district courts retain original jurisdiction, concurrent with the Court of Federal Claims. 28 U.S.C. 1346(a)(2). Based on the parties' filings, the amount in controversy in this case is unclear. Regardless, § 1346(a)(2) excludes from district courts' jurisdiction any cases that are subject to § 7104(b)(1). Id.; Falivene v. United States Postal Service, Civ. No. 18-14425 (NLH/JS), 2019 WL 1569817, at *3 n.2 (D.N.J. Apr. 11, 2019). Since the lease states that claims related to the lease are subject to the CDA, including § 7104(b)(1), "jurisdiction is properly held by the Court of Federal Claims." Falivene, 2019 WL 1569817, at *3 n.2.

Courts have typically construed this language broadly, holding that "relating to the contract" under the CDA merely requires that the claim "have some relationship to the terms or performance of a government contract." See Todd Const., L.P. v. United States, 656 F.3d 1306, 1312 (Fed. Cir. 2011).

Parsons's claims clearly relate to the lease. The third-party complaint repeatedly invokes and relies on the lease for the source of the claims, asserting that the USPS was the lessee of the premises at the time of the alleged incident, that the USPS was responsible for the premises at the time of the incident, and specifically for snow and ice removal, and that the USPS is liable to Parsons "in the full amount of any award judged against it in accordance with the Contract." See doc. no. 1-2, ¶¶ 4, 6, 12, 14. Parsons tries to walk away from these allegations in its briefing by calling the references to the contract "inartful drafting," doc. no. 18 at 4, but the third-party complaint would allege no duty or breach without them. Moreover, whether the USPS owes Parsons any statutory duty of contribution or common law duty to indemnify may not be governed by the lease, but answering those questions will inevitably require analysis of the parties' responsibilities under the lease. The court thus joins several other courts that have held that near-identical claims are governed by the CDA. See Perla v. United States, Civ. Action No. 22-5492 (RK) (RLS), 2023 WL 8237461, at *4 (D.N.J. Nov. 28, 2023) (interpreting similar language in a lease to find that claims for contribution and indemnity for a slip-and-fall outside a USPS building fall within the CDA's purview); Boggs v. Cintas Corp. No. 2, Civ. Action No. 2:11-0150, 2012 WL 1189915, at *5 (S.D.W. Va. Apr. 9, 2012) (same); see also Cohen, 873 F.3d at 403 (third-party nuisance claim involving USPS). The court therefore dismisses Parsons's third-party complaint against the USPS.[4]

---

[4] Parsons also asks the court to transfer the case to the Court of Federal Claims in lieu of dismissing the complaint under the CDA. However, it would be improper to do so because

8

III.     Remand

That leaves only the original claim filed in state court, which was Katsigiannis's single negligence claim against Parsons. Once the claims that conferred federal jurisdiction are dismissed, the court may decline to exercise jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Declining jurisdiction is encouraged when the federal claims are dismissed at an early stage of the litigation. Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). Further, when the court declines to exercise supplemental jurisdiction over state claims in a removed case, the court may remand the case to state court instead of dismissing the claims without prejudice. Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). Especially where he has filed a motion to remand the case, it is appropriate to decline to exercise supplemental jurisdiction over Katsigiannis's state claim in this case and to remand the case to Merrimack County Superior Court.

Conclusion

For the foregoing reasons, the court denies Katsigiannis's motion to remand (doc no. 7) and grants the USPS's motion to dismiss Parsons's third-party complaint (doc. no. 10). Nevertheless, the court remands the case *sua sponte*.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

September 26, 2025
cc: Counsel of Record

---

Parsons has "not taken the required threshold step under the CDA of presenting its claims to the contracting officer." Cohen, 873 F.3d at 404. Dismissal is thus the appropriate remedy. See id.